FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 15, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY THOMPSON, <br><br> Plaintiff, <br><br> v. <br><br> SMART CAR & LEASING & SALES, LLC, a Washington State limited liability company; JAY JIMMY JOHN, an individual; and DAVID JOHN, an individual, <br><br> Defendants. | NO: 4:17-CV-5102-RMP <br><br> ORDER AWARDING DAMAGES FOLLOWING SUMMARY JUDGMENT |

On September 28, 2018, the Court found that summary judgment, and in the alternative default judgment, against Defendants Jay "Jimmy" John and Smart Car Leasing & Sales, LLC ("Smart Car") (collectively, "Defendants") is appropriate in this matter. ECF No. 48. Plaintiff Anthony Thompson, thus, prevailed on his claims that Defendants subjected him to a hostile work environment, unlawfully discriminated against him on the basis of race, and subsequently retaliated against him for raising the issue of his mistreatment, in violation of 42 U.S.C. § 1981. ECF

ORDER AWARDING DAMAGES FOLLOWING SUMMARY JUDGMENT ~ 1

No. 48 at 8−10. The Court further found for Plaintiff on his claims for racial harassment and a racially hostile work environment under the Washington Law Against Discrimination ("WLAD"), chapter 49.60. *Id.* at 11−12

On November 16, 2018, Plaintiff moved for damages, jointly and severally against Defendants, as authorized by the Court's ruling. ECF No. 52. Plaintiff requests emotional distress damages "in an amount between $250,000 and $500,000" and $1,000,000 in punitive damages based on the liability that the Court previously determined. ECF No. 52 at 1.

A plaintiff who prevails under 42 U.S.C. § 1981 is "entitled to equitable and legal relief, including compensatory and possibly punitive damages." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 460 (1975); *see also, e.g., Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 928−29 (9th Cir. 1982). Compensatory damages may provide for recovery of lost pay and damages for suffering and emotional distress. *See Marsh v. Digital Equipment Corp.*, 675 F. Supp. 1186, 1196 (D. Ariz. 1987) (citing *Stallworth v. Schuler*, 777 F.2d 1431, 1435 (11th Cir. 1985)). An award for punitive damages is appropriate where the defendant behaved with "malice or with reckless indifference to the federally protected rights of an aggrieved individual." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999). "The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Id*.

ORDER AWARDING DAMAGES FOLLOWING SUMMARY JUDGMENT ~ 2

Punitive damages are not available under the WLAD. *Dailey v. North Coast Life Ins. Co.*, 129 Wn.2d 572, 574 (1996). However, the WLAD provides for an award of damages for emotional distress. *Martini v. Boeing Co.*, 137 Wn.2d 357, 370−71 (Wash. 1999); *see also Dean v. Municipality of Metro. Seattle-Metro*, 104 Wn.2d 627 (1985) ("The plaintiff, once having proved discrimination, is only required to offer proof of actual anguish or emotional distress in order to have those damages included in recoverable costs pursuant to RCW 49.60. The damages result from the injury, the discrimination.").

Likewise, the Ninth Circuit Court of Appeals has held that a plaintiff's testimony alone, or appropriate inference from the circumstances of the case, are enough to substantiate an emotional distress damages award. *See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1039−40 (9th Cir. 2003) (in the context of a section 1981 claim, holding that plaintiff's testimony alone was adequate to substantiate jury award of emotional distress damages); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 513 (9th Cir. 2000) (rejecting the requirement of objective evidence to support emotional distress damages and upholding a $1,000,000 compensatory emotional distress damages award to plaintiff who was retaliatorily discharged for complaining of sex discrimination). Plaintiff need not submit evidence of economic loss or objective evidence of mental or physical symptoms. *Johnson v. Hale*, 13 F.3d 1351, 1353 (9th Cir. 1994).

As Plaintiff declared under penalty of perjury in support of his motion for summary judgment, his experience of racial harassment at Defendants' workplace "had a profound impact on all aspects of [his] life." ECF No. 42 at 3. He was "emotionally traumatized" by the events underlying Defendants' liability and "struggled to find replacement work," eventually determining that he "had to leave the State of Washington because of this experience." *Id.* Since relocating, Plaintiff continues to feel significant emotional harm from his treatment at Smart Car, has "not been able to get [his] professional career back on track," and has struggled through prolonged periods of unemployment and even homelessness. *Id.* at 3−4. The Court finds that Plaintiff's recounting of the emotional distress and accompanying harm caused by his experience working for, and being terminated by, Defendants, all of which Defendants either admit or do not dispute, warrants a compensatory damage award for the full amount Plaintiff seeks: $500,000. *See* ECF No. 52 at 6.

Furthermore, the Court agrees with Plaintiff that the discriminatory actions of Defendants' employee against Plaintiff, also their employee, were egregious and were known to Defendants when they terminated Plaintiff's employment. The Court found in its prior order, ECF No. 48, that Defendants had admitted that race was a substantial factor in Defendants' decision to terminate Plaintiff's employment and that there was a "causal connection" between Plaintiff reporting his experience of racial harassment and Defendants' termination of Plaintiff's employment. ECF No.

48 at 10. The Court also previously found that Plaintiff established that the hostile work environment that he experienced while working at Smart Car is appropriately imputed to Defendants because they had full knowledge of the harassment he experienced on the basis of race, before and on the day that Defendants terminated Plaintiff's employment. *Id.* at 11–12. These findings support that Defendants acted with "malice or with reckless indifference to the federally protected rights" of Plaintiff and justify the punitive damages award that Plaintiff seeks: $1,000,000. *See Kolstad*, 527 U.S. at 534; ECF No. 52 at 7.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment on Damages, **ECF No. 52**, is **GRANTED**.

2. Judgment shall be entered against Defendants Jay "Jimmy" John and Smart Car Leasing and Sales, LLC for $500,000 for compensatory emotional distress damages and for $1,000,000 in punitive damages.

The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel and by mail to Defendants at their last known addresses, and **close this case**.

**DATED** January 15, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER AWARDING DAMAGES FOLLOWING SUMMARY JUDGMENT ~ 5